**POOLE SHAFFERY & KOEGLE, LLP**
Jaion Chung (SBN 249772)
jchung@pooleshaffery.com
Vache V. Muradian (SBN: 341219)
vmuradian@pooleshaffery.com
25350 Magic Mountain Parkway, Suite 250
Santa Clarita, California 91355
Telephone: (661) 290-2991
Facsimile: (661) 290-3338

Attorneys for Defendants, SCOTT HOWARD and SCHNEIDER NATIONAL CARRIERS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GURROLA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT HOWARD, an Individual; SCHNEIDER NATIONAL CARRIERS, INC.; and DOES 1 THROUGH 20, Inclusive,<br><br>Defendants. | Case No.: 2:22-CV-01825<br><br>[Assigned to _____]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**<br><br>(Removed from Los Angeles Superior Court Case No. 21STCV43540)<br><br>(Diversity Jurisdiction; 28 U.S.C. §§ 1332, 1441, and 1446)<br><br>[Certificate of Interested Parties and Corporate Disclosure Statement; and Civil Cover Sheet filed concurrently herewith] |

**TO THE CLERK AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Defendants, SCOTT HOWARD and SCHNEIDER NATIONAL CARRIERS, INC. (collectively, "DEFENDANTS"), hereby remove the action entitled, *Maria Gurrola v. Scott Howard, et al.,* from the Superior Court of the State of California for the County of Los Angeles (Case No. 21STCV43540) to the United States District Court for the Central District of California, Western Division. Removal of this action is proper under 28 U.S.C. §§1332, 1441(b), and 1446 for the reasons set forth below.

1

1. **JURISDICTION**. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court by DEFENDANTS pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

2. On November 29, 2021, Plaintiff, MARIA GURROLA ("PLAINTIFF"), filed the above-entitled civil action against Defendants, SCOTT HOWARD, SCHNEIDER NATIONAL CARRIERS, INC., and DOES 1 through 20 in the Superior Court of the State of California for the County of Los Angeles, Case No. 21STCV43540. The United States District Court for the Central District of California, Western Division, embraces the county where this action is pending.

3. The summons and complaint were served on, and first received by, Defendant, SCHNEIDER NATIONAL CARRIERS, INC., on December 13, 2021. The same summons and complaint were served on, and first received by, Defendant, SCOTT HOWARD, on or about December 15, 2021. Copies of the pleadings and orders served on DEFENDANTS are collectively attached hereto as **Exhibit "A."**

4. The complaint served on DEFENDANTS does not identify an amount in controversy, nor was an amount in controversy ascertainable from the same.

5. On January 14, 2022, DEFENDANTS served and filed an answer to the complaint. A true and correct copy of the answer is attached hereto as **Exhibit "B."**

6. On January 12, 2022, DEFENDANTS served a request for a statement of damages from PLAINTIFF setting forth the nature and amount of damages being sought against DEFENDANTS. A true and correct a copy is attached hereto as **Exhibit "C."**

7. On February 25, 2022, PLAINTIFF served each defendant with a Statement of Damages. True and correct copies of the Statements of Damages are attached hereto as **Exhibit "D."**

8. **REMOVAL IS TIMELY**. This Notice of Removal is filed timely as it is within thirty days of DEFENDANTS' receipt of PLAINTIFF'S statement of damages disclosing to DEFENDANTS the amount in controversy alleged by PLAINTIFF. DEFENDANTS now possess the requisite knowledge and documentation to ascertain the proper grounds for diversity jurisdiction removal. 28 U.S.C. §§ 1446(b)(3).

9. **DIVERSITY OF CITIZENSHIP**. The state action is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a), for the following reasons:

11. <u>Plaintiff's Citizenship.</u> In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years"); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

11. Here, PLAINTIFF has been, and remains currently, a resident of Los Angeles, California since at least 2016. Her residency within the State of California shows a clear intention to remain within the State of California. Accordingly, for purposes of diversity jurisdiction, PLAINTIFF is a citizen of the State of California. Furthermore, PLAINTIFF filed the instant Complaint in the Superior Court of the State of California in Los Angeles County, further availing himself of California's

judicial resources and indicating his intent to remain in California. *See* Complaint, *in passim*.

12. <u>Citizenship of Defendant, SCOTT HOWARD.</u> In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc*., No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years"); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

13. Here, Defendant, SCOTT HOWARD, has been, and remains currently, a resident of Payson, Arizona since at least 2016. His residency within the State of Arizona shows a clear intention to remain within the State of Arizona. Accordingly, for purposes of diversity jurisdiction, Defendant, SCOTT HOWARD, is a citizen of the State of Arizona.

14. <u>Citizenship of Defendant, SCHNEIDER NATIONAL CARRIERS, INC.</u> A corporation "shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." 28 U.S.C. §§ 1332(c)(1). Therefore, "a corporation is typically a citizen of two states for determining the existence of diversity jurisdiction: the state of incorporation and the state in which it has its principal place of business." *E.g., Breitman v. May Co. Cal.,* 37 F.3d 562, 564 (9th Cir. 1994); *Montrose Chemical Corp. v. American Motorists Ins. Co.* 117 F.3d 1128, 1134 (9th Cir. 1997); *Colmenares v. Paedae, Inc.* CV 21-

4

5221-DMG, 2021 WL 4934976, at *2 (C.D. Cal. Oct. 22, 2021).

15. A corporation's principal place of business "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities…often metaphorically called that corporation's 'nerve center.'" *Hertz Corp. v. Friend,* 559 U.S. 77, 80-81 (2010).

16. For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

17. Here, Defendant, SCHNEIDER NATIONAL CARRIERS, INC., has been, and remains currently, a citizen of the State of Nevada since at least 1978 and a citizen of the State of Wisconsin since at least 1992. With respect to the state of incorporation, Defendant, SCHNEIDER NATIONAL CARRIERS, INC., was incorporated in the State of Nevada in 1978. Furthermore, since 1992, its principal place of business has been located in the State of Wisconsin at the corporate headquarters located in Green Bay, Wisconsin. Accordingly, for purposes of determining diversity, Defendant, SCHNEIDER NATIONAL CARRIERS, INC., is regarded as a citizen of Nevada and Wisconsin.

18. Defendants Does 1 through 20 are fictitious. The Complaint does not set forth the identity or status of fictitious defendants 1 through 20. Thus, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

19. DEFENDANTS are informed and believe, and thereon allege, that no "Doe" defendants have been served with a Summons and/or the Complaint in the State Court Action. Accordingly, this action may be removed by DEFENDANTS to federal court pursuant to 28 U.S.C. Section 1441.

20. Therefore, PLAINTIFF and DEFENDANTS are citizens of different

States.

21. **AMOUNT IN CONTROVERSY**. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002). The Court must consider all recoverable damages, including liquidated damages, punitive damages, and attorneys' fees authorized by statute. *See Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005).

22. DEFENDANTS' notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The standard for determining whether Defendants meet their burden of establishing the amount in controversy is the preponderance of the evidence. *See Cagle v. C&S Wholesale Grocers, Inc.,* 2014 WL 651923, at *5 (E.D. Cal. Feb. 19, 2014). Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp.2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.2d 1199, 1204-05 (E.D. Cal. 2008)). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met. *Id.* (internal citations omitted).

23. Here, the Court can reasonably ascertain from PLAINTIFF'S complaint, her prayer for relief, and her Statement of Damages that the amount in controversy exceeds $75,000.00. PLAINTIFF seeks, among other things, "general and special damages," "punitive damages," "costs of suit," and "for such other and further relief as this Court may deem proper." *See* Complaint, at 5, ¶¶ 6-12; *see also* **Ex. D** [Statement of Damages] at 1. Without admitting the validity of PLAINTIFF'S three

(3) causes of action (all of which are expressly denied by DEFENDANTS), the amount in controversy is in excess of $75,000, exclusive of interest and costs. DEFENDANTS meets their burden based on the following.

24. <u>Economic Damages:</u> The complaint alleges PLAINTIFF is seeking "general and special damages in an amount in excess of the minimum jurisdiction of this Court;" "punitive damages in an amount to be determined at trial;" "costs of suit herein incurred;" and "for such other and further relief as this Court may deem proper." *See* Complaint, at 5, ¶¶ 6-12. PLAINTIFF contends in her statement of damages that her past medical expenses <u>to date</u> total $200,000.00. **Ex. D** [Statement of Damages] at 1. PLAINTIFF further contends her "future medical expenses" amount $200,000.000. *Id.*

25. <u>Pain, Suffering, and Inconvenience:</u> PLAINTIFF also contends pain, suffering, and inconvenience damages in an amount of $1,000,000.000. **Ex. D** [Statement of Damages] at 1.

26. <u>Emotional Distress:</u> PLAINTIFF further contends emotional distress damages, in an amount of $500,000.000 **Ex. D** [Statement of Damages] at 1.

27. PLAINTIFF also seeks open-ended relief in the form of "for such other and further relief as this Court may deem proper." Although uncertain in amount, these additional damages claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000.00).

28. DEFENDANTS deny that PLAINTIFF'S claims have any merit. DEFENDANTS also deny that PLAINTIFF suffered any damages. However, when the relief sought (i.e., past medical expenses, future medical expenses, emotional distress, pain, suffering, and inconvenience, and "other") is taken as a whole, the

amount in controversy for PLAINTIFF'S claims exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs.

29. Based upon the foregoing, the amount in controversy in this matter far exceeds the jurisdictional minimum of $75,000.00. Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332, and which may be removed to this Court by DEFENDANTS pursuant to 28 U.S.C. Section 1441 based on diversity jurisdiction.

30. **VENUE**. Removal to this Court is proper because this District includes the County where the state action is pending.

31. By filing this Notice of Removal, DEFENDANTS do not intend to waive, and hereby reserve, any objection as personal jurisdiction, and all other defenses.

32. This Notice of Removal is being served on PLAINTIFF'S counsel on this date. DEFENDANTS will promptly file a copy of this Notice of Removal with the Clerk of Superior Court of the State of California for the County of Los Angeles.

33. This removal is brought by all served Defendants. 28 U.S.C. § 1446(b)(2)(A).

WHEREFORE, this action is hereby removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division.

DATED: March 18, 2022

**POOLE SHAFFERY & KOEGLE, LLP**

By: _____
Jaion Chung, Esq.
Vache V. Muradian, Esq.
Attorneys for Defendants, SCOTT HOWARD and SCHNEIDER NATIONAL CARRIERS, INC.

**PROOF OF SERVICE**

(F.R.Civ.P. Rule 5(b); U.S.D.C., C.D. Cal., L.R. 5-3; C.C.P. §§ 1013a, 2015.5)

**Maria Gurrola v. Scott Howard, et al.**
United States District Court Case No. 2:21-cv-01825

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 25350 Magic Mountain Pkwy, Suite 250, Santa Clarita, CA 91355.

    On **March 18, 2022**, I served the foregoing document described as: **CERTIFICATION AND NOTICE OF INTERESTED PARTIES (LOCAL RULE 7.1-1); NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441 (b)** on the interested parties in said action as follows:

SEE ATTACHED SERVICE LIST

☐    By Mail [Federal] I placed such envelope with postage thereon fully prepaid in the United States mail at Santa Clarita, California.

☒    (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below

☐    I caused said document(s) to be transmitted by email to each addressee set forth below on this date. The transmission of this document was complete and without error.

☐    I caused such envelope to be delivered via overnight delivery to the party(ies) listed on the attached mailing list.

    Executed on **March 18, 2022**, at Santa Clarita, California.

☐    [State] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    [Federal] I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

     /s/ Anna Contreras
    Anna Contreras, Declarant

# SERVICE LIST

**Maria Gurrola v. Scott Howard, et al.**
United States District Court Case No. 2:22-CV-1825

| | |
|---|---|
| sanchezprofessionallaw@gmail.com<br>J. Elias Sanchez, Esq.<br>**Sanchez, PLC**<br>1800 Studebaker Road, 7th Floor<br>Cerritos, CA 90703<br>T: (562) 650-8154<br>F: (562) 628-3868 | *Attorneys for Plaintiff,*<br>*MARIA GURROLA* |

POOLE SHAFFERY
25350 MAGIC MOUNTAIN PARKWAY, SECOND FLOOR, SANTA CLARITA, CA 91355
TELEPHONE: (661) 290-2991  FACSIMILE: (661) 290-3338