JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-01825-SB-JEM | Date: | May 21, 2022 |
|---|---|---|---|

| Title: | *Maria Gurrola v. Scott Howard et al.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. No. 14]

  On November 29, 2021, Plaintiff Maria Gurrola filed this negligence action against Defendants Scott Howard and Schneider National Carriers, Inc. (SNC) in the Los Angeles Superior Court.  Dkt. No. 3-1.  Defendants removed this case on March 18, 2022, invoking diversity jurisdiction.  Dkt. No. 3.  Plaintiff now moves to remand because Defendants' removal was untimely.  Dkt. No. 14.  Defendants filed an opposition, Dkt. No. 19, and Plaintiff timely replied, Dkt. No. 20.  The Court finds this matter suitable for resolution without oral argument and vacates the May 27, 2022 hearing.  Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons stated below, the Court **grants** Plaintiff's motion and **remands** this case to state court.

  A defendant may generally remove a civil action to federal court when jurisdiction originally would lie in federal court.  28 U.S.C. § 1441(a).  A defendant must remove within 30 days of being served with the initial complaint or, if the complaint does not provide a basis for jurisdiction, within 30 days of any "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id*. § 1446(b).

The 30-day time limit is mandatory and a failure to comply with this requirement "renders the removal procedurally defective." *DeMichele v. Loewen, Inc.*, No. C 12-00628 CRB, 2012 WL 1980828, at *3 (N.D. Cal. June 1, 2012). "The removal statute is strictly construed against removal," and "[t]he 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (applying these principles "in the context of a procedural defect").

Defendants removed on the basis of diversity jurisdiction, which requires complete diversity of citizenship among the parties and an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332. It is undisputed that the packet of documents Plaintiff served upon each Defendant in December 2021 included information from which Defendants could have ascertained both jurisdictional requirements. The complaint included citizenship information, and Plaintiff attached a statement of damages seeking more than $2 million. Dkt. Nos. 14-6, 14-7. Plaintiff served SNC on December 13, 2021 and Howard on December 17, 2021. Sanchez Decl. ¶ 5, Dkt. No. 14-1. Thus, the deadline for Defendants to remove this action was January 17, 2022. *See* 28 U.S.C. § 1446(b)(2) (each defendant has 30 days to remove and an earlier-served defendant may consent to removal by a later-served defendant). But defense counsel admittedly overlooked the statement of damages included with Plaintiff's service of the summons and complaint and did not remove this action until March 18, 2022, three months after the 30-day deadline. Opp. at 9; Chung Decl. ¶ 7, Dkt. No. 19-1. Thus, removal was plainly untimely.

Defendants make two arguments in an attempt to salvage their untimely removal of this action, neither of which is sufficient to establish that removal is proper.

First, Defendants argue that Plaintiff should be estopped from challenging the timeliness of removal or found to have waived any objection to it. Opp. at 6–7. Following receipt of the complaint, Defendants sent Plaintiff a request for a statement of damages on January 12, 2022. Dkt. No. 19-2. Plaintiff's counsel did not inform them that he had already provided this information with the initial

summons and complaint.[1] *Id*. After Plaintiff sent Defendants her medical and billing records on February 1, 2022,[2] Plaintiff's counsel sent Defendants an amended statement of damages on February 25th, to which he also attached the original statement served with the complaint. Dkt. Nos. 14-14, 14-15. Defendants removed 21 days later.

Defendants admit that their counsel "inadvertently overlooked" the initial statement of damages but attempt to blame Plaintiff for their negligence, asserting principles of estoppel and waiver. There is no factual basis to find that Plaintiff engaged in any conduct that would warrant the application of these doctrines here. The fault lies squarely and solely with the careless failure on the part of defense counsel to review important documents served upon them. Nor is there any legal basis to find waiver or estoppel, which has been found to apply when it is the plaintiff who was at fault by belatedly raising a procedural defect in the removal. *See, e.g.*, *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (finding that the plaintiff had waived the untimeliness of removal by raising the issue for the first time on appeal, after the case was tried). Defendants have cited no case in which a party was relieved of its obligation to comply with the procedural requirements of the removal statute based on waiver and estoppel principles. *See Parker v. California*, No. C-98-4844 MHP, 1999 WL 111889, at *2 (N.D. Cal. Feb. 26, 1999) (noting that "there is no authority for applying equitable principles to the strictly applied removal statute" as an exception to a removing party's duty to obtain the consent of all defendants before removing the case).

Second, Defendants ask the Court to excuse their untimely removal under Federal Rule of Civil Procedure 60(b), claiming that the error was due to counsel's excusable neglect. But they cite no authority that applies this rule to excuse untimely removal. Indeed, given the strict interpretation of the 30-day requirement, courts have declined to excuse untimely removal under Rule 60(b) when based on counsel's "inadvertent error." *DeMichele*, 2012 WL 1980828, at *3 (granting a motion to remand and declining to excuse a two-day delay); *see also 88 Int'l Inc. v. Hartford Cas. Ins. Co.*, No. CV 13-09442-DMG (SHx), 2014 WL

---

[1] Plaintiff's counsel explains that he had recently begun attaching a statement of damages to the initial summons and complaint and did not remember whether he had done so in this case. Sanchez Decl. ¶ 5, Dkt. No. 20-1.

[2] The records also put Defendants on notice that Plaintiff seeks more than $75,000 in damages. Dkt. Nos. 14-10, 14-13.

12607693, at *1–2 (C.D. Cal. Mar. 17, 2014) (declining to excuse an untimely removal petition that was filed three days late because removal's time limit is "mandatory").  In any event, even if Rule 60(b) were generally available to excuse a failure to comply with the procedural requirements of the removal statute, Defendants have not demonstrated any "exceptional circumstances" that would entitle them to such relief.  *Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n.1 (9th Cir. 1989) (relief under Rule 60(b) is "extraordinary" and "may be granted only upon an adequate showing of exceptional circumstances" (quoting *L.Z. v. Parrish*, 733 F.2d 585, 588 (8th Cir. 1984))).

    Accordingly, Plaintiff's Motion to Remand is **GRANTED** and the Court **REMANDS** this action to the Los Angeles Superior Court.